**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Debbie Morrow and Tina King,

                                        Plaintiffs,

                                                        Civ. No. 11-104 (RHK/LIB)
                                                        **ORDER**
v.

Weinerman & Associates, LLC, and
Dan Steinberg,

                                        Defendants.

_____

        This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs

(Doc. No. 31).  For the reasons that follow, their Motion will be granted in part.

        This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 _et seq._  Plaintiffs Debbie Morrow and Tina King (Morrow's daughter)

alleged in their Complaint that Defendant Weinerman & Associates LLC ("Weinerman"),

a debt collector, and its agent, Dan Steinberg, violated the FDCPA when attempting to

collect a debt Morrow allegedly owed.  Plaintiffs filed their Complaint in January 2011,

and Defendants answered in March 2011, denying liability.  The parties then participated

in a scheduling conference before the Magistrate Judge and, thereafter, undertook

discovery.

        On August 10, 2011, Plaintiffs moved for partial summary judgment as to

Weinerman's liability.  (Doc. No. 12.)  In support, they filed a 12-page Memorandum

(Doc. No. 14), along with several supporting Affidavits, Weinerman's responses to

Plaintiffs' Interrogatories, and recordings of telephone calls made by Steinberg that

purportedly violated the FDCPA (Doc. Nos. 15-16).  Weinerman responded on

September 1, 2011 (Doc. No. 19), and Plaintiffs filed a Reply Memorandum on

September 7, 2011 (Doc. No. 21).  The Court heard oral argument on the Motion on

September 21, 2011.

By Order dated September 26, 2011 (Doc. No. 24), the Court granted in part and

denied in part Plaintiffs' Motion.  The Court found that at least some of the challenged

phone calls had violated the FDCPA as a matter of law, while certain other calls created

fact questions that required jury resolution.  (See id. at 6-11.)  The Court then set the

matter for trial in April 2012.  Thereafter, the parties reached a settlement; Weinerman

agreed to pay $3,000 to settle Plaintiffs' claims and further agreed to waive the pre-

existing debt giving rise to those claims.  (Lyons Aff., Ex. 4 ¶¶ 1-2.)  The issue of fees

and costs, however, was expressly reserved for the Court's determination.  (Id. ¶ 4.)

Plaintiffs have now filed the instant fee Motion, seeking an award of $14,466.23 in

attorneys' fees and $891.69 in costs.  Weinerman does not dispute that Plaintiffs are

entitled to a fee award.[1]  See 15 U.S.C. § 1692k(a) (successful FDCPA plaintiff may

recover "the costs of the action, together with a reasonable attorney's fee").  Rather, it

challenges the *amount* being sought.

Typically, a court should calculate the amount of fees to be awarded under the

FDCPA by using the "lodestar" method, multiplying the reasonable number of hours

---

[1] Although not entirely clear, it appears that the response to the instant Motion was filed only on behalf of Weinerman (not Steinberg), and Plaintiffs appear to seek a fee award only from the corporate defendant.

expended by a reasonable hourly rate.  See Jerman v. Carlisle, McNellie, Rini, Kramer &

Ulrich LPA, __ U.S. __, 130 S. Ct. 1605, 1621 n.16 (2010).  That amount may be

adjusted downward, however, in cases in which the recovery is small or the FDCPA

violation at issue is minor or technical.  See id. (citing *inter alia* Schlacher v. Law Offices

of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 854-55 (7th Cir. 2009) (reducing

lodestar for the "unnecessary use of multiple attorneys . . . in a straightforward, short-

lived [FDCPA] case"), and Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629-31 (4th

Cir. 1995) (no abuse of discretion in awarding only $500 in attorneys' fees, rather than

the lodestar amount, where lawsuit recovered $50 in damages for "at most a technical

violation" of FDCPA)).

　　In this case, "small" is an inapt label for Plaintiffs' recovery – indeed, they

received more than $4,000 between (1) the payment from Weinerman and (2) the waiver

of the pre-existing debt, hardly a paltry sum.  Moreover, unlike in Carroll, where the debt

collector failed to disclose in a dunning letter that it was attempting to collect a debt, the

violations here were not "technical" in nature.  Plaintiffs alleged not only that Weinerman

continued to contact them after being advised they were represented by an attorney

(perhaps a "technical" violation), but also that it engaged in abusive and berating

behavior in several phone calls.  (See Compl. ¶¶ 12-15.)  Indeed, there was sufficient

evidence in the record to create a jury question whether Weinerman violated the

FDCPA's prohibition on "harass[ing], oppress[ive], or abus[ive]" conduct.  Cf. Carroll,

53 F.3d at 630 (reducing lodestar because debt-collector's conduct "was hardly morally

culpable or otherwise deserving of anything more than a very small award of damages")

(alteration deleted).  Lastly, this case was not "short-lived" – it was commenced in

January 2011, proceeded with discovery, went through Motion practice, and was finally

set for an April 2012 trial before it settled.  For these reasons, the Court concludes that

the lodestar amount should not be reduced and that a fee award equal to that amount is

appropriate.[2]

The Court next must calculate the lodestar amount.  Plaintiffs seek compensation

for 29.63 hours expended by attorneys Thomas J. Lyons, Trista M. Roy, and Thomas J.

Lyons, Jr. on this case.[3]  The Court does not believe that the hours expended were

excessive or unreasonable given the nature of the claims in this case, the amount of time

the matter was pending, and the factual and procedural background (including discovery

and motion practice).  The Court also finds the requested hourly rates for Trista M. Roy

($250) and Thomas J. Lyons, Jr. ($350) appropriate.  See, e.g., Buzzell v. Citizens Auto

Fin., Inc., Civ. No. 10-2046, Doc. No. 53 (D. Minn. Feb. 17, 2011) (Noel, M.J.)

(approving $250 hourly rate for Roy); Bankey v. Phillips & Burns, LLC, Civ. No. 07-

---

[2] Weinerman argues that the requested fees should be reduced because it was "ready, willing,
and able to settle this case early on." (Doc. No. 37 at 1.)  In support of that assertion, it has
attached correspondence between counsel containing various settlement demands and responses.
(See Doc. No. 38.)  All of the correspondence, however, is from 2012 – that is, *after* the Court
granted (in part) summary judgment establishing Weinerman's liability, and then set the matter
for trial.  There is simply no indication in the record that Weinerman recognized its liability early
in this case and attempted to settle this matter quickly.  (While there is some reference to
Weinerman having served an Offer of Judgment under Federal Rule of Civil Procedure 68 in
May 2011, that document is nowhere in the record.)  Indeed, Defendants denied liability in their
Answer and continued to deny liability when responding to Plaintiffs' summary-judgment
Motion in September 2011.

[3] Thomas J. Lyons, Jr. was suspended from the practice of law for part of the time this case was
pending; during that time, he performed work on this case as a "legal assistant," as discussed
separately below.

2200, Doc. No. 42 (D. Minn. June 11, 2008) (Frank, J.) (approving $300 hourly rate for

Lyons, Jr.).  However, the Court believes that the requested hourly rate for Thomas J.

Lyons ($450) is excessive and should be reduced to $400.  See Warnock v. Archer, 397

F.3d 1024, 1027 (8th Cir. 2005) ("[District] courts may draw on their own experience and

knowledge of prevailing market rates.").  The lodestar amount for attorney work,

therefore, is calculated as follows:  $2,428 for Lyons (6.07 hours times $400 per hour),

$4,230 for Roy (16.92 hours times $250 per hour), and $2,324 for Lyons, Jr. (6.64 hours

times $350 per hour), for a total of $8,982.00.

Plaintiffs also seek compensation for 27.82 hours of legal-assistant time devoted to

this case.  Slightly more than five of those hours were expended by Andrea L. Weber, a

paralegal with over 18 years' experience, and the remaining hours (nearly 23) were

expended by Thomas J. Lyons, Jr., while he was suspended from the practice of law.

Time expended by paralegals and legal assistants that is not purely clerical generally is

compensable.  See, e.g., Missouri v. Jenkins, 491 U.S. 274, 284-89 (1989).  That is true

here, as the time expended by Weber and Lyons, Jr., included preparing discovery

responses, revising settlement documents, and drafting the instant fee Motion.  (See

Lyons Aff. Ex. 2.)  Nevertheless, the Court believes that the numbers of hours expended

is excessive because the time records show multiple entries for duplicative work.  (See

id.)  Accordingly, the Court will reduce to 10 hours the amount of compensable legal-

assistant time.  In addition, the Court concludes that an appropriate hourly rate for such

work is $125 (as sought by Weber).  Although Lyons, Jr., was a suspended attorney when

he performed legal-assistant work on this case, the Court does not believe that his

additional legal training should be taken into account when affixing the appropriate fee

for such work.  See Ladd v. Pickering, 783 F. Supp. 2d 1079, 1093 (E.D. Mo. 2011)

(Kyle, J., sitting by designation).  For these reasons, the Court will award $1,250 (10

hours times $125 per hour) for legal-assistant work.

Finally, the Court must address Plaintiffs' request for $891.69 in expenses.

Weinerman has not objected to this request, and the Court finds that the amount sought –

which includes the filing fee, fees for service of process, photocopying costs, and other

similar charges – is proper and reasonable.  See Pinkham v. Camex, Inc., 84 F.3d 292,

294-95 (8th Cir. 1996) (*per curiam*) (reasonable out-of-pocket expenses of the kind

normally charged to clients by attorneys may be included as part of a reasonable

attorney's fee).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 31) is

**GRANTED IN PART**.  Plaintiffs shall recover of Defendant Weinerman & Associates,

LLC the sum of $11,123.69, comprising $10,232.00 in attorney (and legal-assistant) fees

and $891.69 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: May 7, 2012                              s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge