# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Debbie Morrow and Tina King,

        Plaintiffs,

             Civ. No. 11-104 (RHK/LIB)
             **ORDER**

v.

Weinerman & Associates, LLC, and
Dan Steinberg,

        Defendants.

   This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 31).  For the reasons that follow, their Motion will be granted in part.

   This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Plaintiffs Debbie Morrow and Tina King (Morrow's daughter) alleged in their Complaint that Defendant Weinerman & Associates LLC ("Weinerman"), a debt collector, and its agent, Dan Steinberg, violated the FDCPA when attempting to collect a debt Morrow allegedly owed.  Plaintiffs filed their Complaint in January 2011, and Defendants answered in March 2011, denying liability.  The parties then participated in a scheduling conference before the Magistrate Judge and, thereafter, undertook discovery.

   On August 10, 2011, Plaintiffs moved for partial summary judgment as to Weinerman's liability.  (Doc. No. 12.)  In support, they filed a 12-page Memorandum (Doc. No. 14), along with several supporting Affidavits, Weinerman's responses to

Plaintiffs' Interrogatories, and recordings of telephone calls made by Steinberg that purportedly violated the FDCPA (Doc. Nos. 15-16). Weinerman responded on September 1, 2011 (Doc. No. 19), and Plaintiffs filed a Reply Memorandum on September 7, 2011 (Doc. No. 21). The Court heard oral argument on the Motion on September 21, 2011.

By Order dated September 26, 2011 (Doc. No. 24), the Court granted in part and denied in part Plaintiffs' Motion. The Court found that at least some of the challenged phone calls had violated the FDCPA as a matter of law, while certain other calls created fact questions that required jury resolution. (See id. at 6-11.) The Court then set the matter for trial in April 2012. Thereafter, the parties reached a settlement; Weinerman agreed to pay $3,000 to settle Plaintiffs' claims and further agreed to waive the pre-existing debt giving rise to those claims. (Lyons Aff., Ex. 4 ¶¶ 1-2.) The issue of fees and costs, however, was expressly reserved for the Court's determination. (Id. ¶ 4.)

Plaintiffs have now filed the instant fee Motion, seeking an award of $14,466.23 in attorneys' fees and $891.69 in costs. Weinerman does not dispute that Plaintiffs are entitled to a fee award.[1] See 15 U.S.C. § 1692k(a) (successful FDCPA plaintiff may recover "the costs of the action, together with a reasonable attorney's fee"). Rather, it challenges the *amount* being sought.

Typically, a court should calculate the amount of fees to be awarded under the FDCPA by using the "lodestar" method, multiplying the reasonable number of hours

---

[1] Although not entirely clear, it appears that the response to the instant Motion was filed only on behalf of Weinerman (not Steinberg), and Plaintiffs appear to seek a fee award only from the corporate defendant.

expended by a reasonable hourly rate. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, __ U.S. __, 130 S. Ct. 1605, 1621 n.16 (2010). That amount may be adjusted downward, however, in cases in which the recovery is small or the FDCPA violation at issue is minor or technical. See id. (citing *inter alia* Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 854-55 (7th Cir. 2009) (reducing lodestar for the "unnecessary use of multiple attorneys . . . in a straightforward, short-lived [FDCPA] case"), and Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629-31 (4th Cir. 1995) (no abuse of discretion in awarding only $500 in attorneys' fees, rather than the lodestar amount, where lawsuit recovered $50 in damages for "at most a technical violation" of FDCPA)).

In this case, "small" is an inapt label for Plaintiffs' recovery – indeed, they received more than $4,000 between (1) the payment from Weinerman and (2) the waiver of the pre-existing debt, hardly a paltry sum. Moreover, unlike in Carroll, where the debt collector failed to disclose in a dunning letter that it was attempting to collect a debt, the violations here were not "technical" in nature. Plaintiffs alleged not only that Weinerman continued to contact them after being advised they were represented by an attorney (perhaps a "technical" violation), but also that it engaged in abusive and berating behavior in several phone calls. (See Compl. ¶¶ 12-15.) Indeed, there was sufficient evidence in the record to create a jury question whether Weinerman violated the FDCPA's prohibition on "harass[ing], oppress[ive], or abus[ive]" conduct. Cf. Carroll, 53 F.3d at 630 (reducing lodestar because debt-collector's conduct "was hardly morally culpable or otherwise deserving of anything more than a very small award of damages")

3

(alteration deleted). Lastly, this case was not "short-lived" – it was commenced in January 2011, proceeded with discovery, went through Motion practice, and was finally set for an April 2012 trial before it settled. For these reasons, the Court concludes that the lodestar amount should not be reduced and that a fee award equal to that amount is appropriate.[2]

The Court next must calculate the lodestar amount. Plaintiffs seek compensation for 29.63 hours expended by attorneys Thomas J. Lyons, Trista M. Roy, and Thomas J. Lyons, Jr. on this case.[3] The Court does not believe that the hours expended were excessive or unreasonable given the nature of the claims in this case, the amount of time the matter was pending, and the factual and procedural background (including discovery and motion practice). The Court also finds the requested hourly rates for Trista M. Roy ($250) and Thomas J. Lyons, Jr. ($350) appropriate. See, e.g., Buzzell v. Citizens Auto Fin., Inc., Civ. No. 10-2046, Doc. No. 53 (D. Minn. Feb. 17, 2011) (Noel, M.J.) (approving $250 hourly rate for Roy); Bankey v. Phillips & Burns, LLC, Civ. No. 07-

---

[2] Weinerman argues that the requested fees should be reduced because it was "ready, willing, and able to settle this case early on." (Doc. No. 37 at 1.) In support of that assertion, it has attached correspondence between counsel containing various settlement demands and responses. (See Doc. No. 38.) All of the correspondence, however, is from 2012 – that is, *after* the Court granted (in part) summary judgment establishing Weinerman's liability, and then set the matter for trial. There is simply no indication in the record that Weinerman recognized its liability early in this case and attempted to settle this matter quickly. (While there is some reference to Weinerman having served an Offer of Judgment under Federal Rule of Civil Procedure 68 in May 2011, that document is nowhere in the record.) Indeed, Defendants denied liability in their Answer and continued to deny liability when responding to Plaintiffs' summary-judgment Motion in September 2011.

[3] Thomas J. Lyons, Jr. was suspended from the practice of law for part of the time this case was pending; during that time, he performed work on this case as a "legal assistant," as discussed separately below.

2200, Doc. No. 42 (D. Minn. June 11, 2008) (Frank, J.) (approving $300 hourly rate for Lyons, Jr.). However, the Court believes that the requested hourly rate for Thomas J. Lyons ($450) is excessive and should be reduced to $400. See Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005) ("[District] courts may draw on their own experience and knowledge of prevailing market rates."). The lodestar amount for attorney work, therefore, is calculated as follows: $2,428 for Lyons (6.07 hours times $400 per hour), $4,230 for Roy (16.92 hours times $250 per hour), and $2,324 for Lyons, Jr. (6.64 hours times $350 per hour), for a total of $8,982.00.

Plaintiffs also seek compensation for 27.82 hours of legal-assistant time devoted to this case. Slightly more than five of those hours were expended by Andrea L. Weber, a paralegal with over 18 years' experience, and the remaining hours (nearly 23) were expended by Thomas J. Lyons, Jr., while he was suspended from the practice of law. Time expended by paralegals and legal assistants that is not purely clerical generally is compensable. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 284-89 (1989). That is true here, as the time expended by Weber and Lyons, Jr., included preparing discovery responses, revising settlement documents, and drafting the instant fee Motion. (See Lyons Aff. Ex. 2.) Nevertheless, the Court believes that the numbers of hours expended is excessive because the time records show multiple entries for duplicative work. (See id.) Accordingly, the Court will reduce to 10 hours the amount of compensable legal-assistant time. In addition, the Court concludes that an appropriate hourly rate for such work is $125 (as sought by Weber). Although Lyons, Jr., was a suspended attorney when he performed legal-assistant work on this case, the Court does not believe that his

5

additional legal training should be taken into account when affixing the appropriate fee for such work. See Ladd v. Pickering, 783 F. Supp. 2d 1079, 1093 (E.D. Mo. 2011) (Kyle, J., sitting by designation). For these reasons, the Court will award $1,250 (10 hours times $125 per hour) for legal-assistant work.

Finally, the Court must address Plaintiffs' request for $891.69 in expenses. Weinerman has not objected to this request, and the Court finds that the amount sought – which includes the filing fee, fees for service of process, photocopying costs, and other similar charges – is proper and reasonable. See Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996) (*per curiam*) (reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys may be included as part of a reasonable attorney's fee).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 31) is **GRANTED IN PART**. Plaintiffs shall recover of Defendant Weinerman & Associates, LLC the sum of $11,123.69, comprising $10,232.00 in attorney (and legal-assistant) fees and $891.69 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 7, 2012                              s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge